```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
VICTORINO GARRIDO and GINA GARRIDO,

                    Plaintiffs,            MEMORANDUM & ORDER
                                           05-CV-5397 (JS)(WDW)
          -against-

CITY OF GLEN COVE, NEIL McNAUGHTON,
individually and in his official
capacity, ROBERT BENAZZI, individually
and in his official capacity, JAMES
PHEGLEY, and PETER ALBINSKI,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:     Steven A. Morelli, Esq.
                    Leeds Morelli & Brown, P.C.
                    One Old Country Road, Suite 347
                    Carle Place, NY 11514

For Defendants:
Glen Cove,          Steven C. Stern, Esq.
Neil McNaughton,    Miranda & Sokoloff, LLP
and  Robert         240 Mineola Blvd.
Benazzi             The Esposito Building
                    Mineola, NY 11501


James Phegley:      Theodore E. Huenke, Esq.
                    Huenke & Rodriguez
                    One Huntington Quadrangle, Suite 2S02
                    Melville, NY 11747

Peter Albinski:     William R. Ahmuty, III, Esq.
                    Ahmuty, Demers And McManus
                    200 I.U. Willets Road
                    Albertson, NY 11507
```

SEYBERT, District Judge:

Plaintiffs Victorino Garrido and Gina Garrido ("Plaintiffs") commenced this entirely meritless action on

November 16, 2005 against Defendants City of Glen Cove ("Glen Cove"), Neil McNaughton ("McNaughton"), Robert Benazzi ("Benazzi" and collectively with Glen Cove and McNaughton, the "Glen Cove Defendants"), James Phegley ("Phegley"), and Peter Albinski ("Albinski" and collectively with the Glen Cove Defendants and Phegley, the "Defendants"). On April 16, 2009, Plaintiffs filed their current motion to strike the Bill of Costs. For the reasons that follow, Plaintiffs' motion is DENIED.

## BACKGROUND[1]

Plaintiffs, Victorino and Gina Garrido, reside at 78 Walnut Road, Glen Cove. (Glen Cove Defs.' Am. R. 56.1 Stmt. ¶ 1.) Mr. Garrido is originally from Spain and speaks Spanish. (Id. ¶¶ 7-8.) Mrs. Garrido is originally from Columbia. (Id. ¶ 10.) Plaintiffs' property is located directly adjacent to the property of the Glen Cove Christian Church ("Church"), which is not a party to this action. (Id. ¶ 3.) The Church's Reverend, Defendant Phegley, and his wife, live in a house on the Church property next to Plaintiffs' property. (Id. ¶ 11.) When Plaintiffs moved into their home in February 2001, the Church existed as well as a parking lot with 37 spaces. (Id. ¶¶ 2, 4.)

In November 2003, the Church submitted an application

---

[1] For a complete recitation of the facts of this case, see the Court's September 2008 Order.

to the Glen Cove Planning Board ("Planning Board") to expand the Church parking lot ("Project"). (Id. ¶¶ 13, 35.) It is from the implementation of this Project, that Plaintiffs alleged violations of their Fourteenth Amendment due process and equal protection rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Additionally, Plaintiffs alleged various state law claims against Phegley and Albinski.[2]

In an Order dated September 26, 2008 ("September 2008 Order"), noting that Plaintiffs failed to put forth any evidence to support any of their claims, this Court granted Defendants' motions for summary judgment, dismissed all federal claims with prejudice, refused to exercise supplemental jurisdiction over the state claims, and dismissed the state claims without prejudice. The matter was then closed. Plaintiffs then appealed, but failed to comply with the directives of the Court of Appeals. Accordingly, the Second Circuit dismissed the appeal.

On January 30, 2009, Defendants submitted a Bill of Costs. Subsequently, a Bill of Costs conference call was held with all counsel present. On April 9, 2009, the Clerk of the Court taxed the Bill of Costs. Now, in an effort to further

---

[2] Plaintiffs originally asserted state law claims against the Glen Cove Defendants, but such claims were discontinued with prejudice by Stipulation on January 22, 2008.

3

waste the resources of the Court and the Defendants, Plaintiffs have brought this motion to strike.

## DISCUSSION

Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part:

(d) Costs; Attorney's Fees.

> (1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

FED. R. CIV. P. 54(d)(1). Despite the language of Rule 54, however, the district court retains broad discretion on whether to tax costs against a losing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987); In re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, 687 F.2d 626, 629 (2d Cir. 1982); Culp v. Zaccagnino, No. 96-CV-3280, 2000 WL 35861, at *1 (S.D.N.Y. Jan. 18, 2000); Brodie v. Pressley, No. 95-CV-1197, 1999 WL 691960, at *2 (S.D.N.Y. Sept. 7, 1999); DLC Management Corp. v. Town of Hyde Park, 45 F. Supp. 2d 312, 315 (S.D.N.Y. 1999); Bekiaris v. United States, No. 96-CV-0302, 1998 WL 734362, at *1 (S.D.N.Y. Oct. 20, 1998); Lewis v. Keane, No.

96-CV-3867, 1998 WL 265127, at *2 (S.D.N.Y. May 26, 1998). The court need not award costs to the prevailing party if it finds that such an award would be inequitable. See Lewis, 1998 WL 265127, at *2. "Among the factors which may be considered in determining whether an award of costs would be inequitable are plaintiff's indigence or financial hardship and plaintiff's good faith in bringing the action." See Culp, 2000 WL 35861, at *1 (citing, for example, Waul v. Coughlin, No. 93-CV-0753, 1998 WL 898306, at *1 (S.D.N.Y. Dec. 23, 1998); Lewis, 1998 WL 265127, at *2).

In support of their application, Plaintiffs state, in essence, that paying costs to Defendants would be an undue burden despite their (1) ability to pay their counsel thousands of dollars to prosecute this action, (2) ability to pay their counsel to bring a parallel litigation in state court, and (3) yearly income in excess of $100,000 and monthly income of $5,200. Moreover, Plaintiffs do not object to specific portions of the Bill of Costs, but rather object blanketly, asserting that they cannot afford to pay any of the costs.

Plaintiffs' arguments in this motion, like their unsupported statements opposing Defendants' summary judgment motions, are unpersuasive. Unlike the losing parties in the cases cited by the Plaintiffs, there is no evidence that Plaintiffs are indigent, or will become indigent as a result of

5

their payment of the Bill of Costs.  Accordingly, the Court finds that striking the Bill of Costs in this case would be inappropriate.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March 1, 2010
         Central Islip, New York

6